# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRENT JARVIS BROOKS,

    Plaintiff,

v.

TRANSCONTINENTAL SYSTEMS, INC.,

    Defendant.

_____ /

Case Number: 09-11787

SEAN F. COX
UNITED STATES DISTRICT COURT

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER FOR DISCOVERY AND SANCTIONS (DOC. NO. 34)**

Presently before the court is Defendant Transcontinental Systems, Inc.'s ("Transcontinental") motion to dismiss for failure to comply with the court's order for discovery and sanctions. (Doc. No. 34). Plaintiff Trent Jarvis Brooks has not filed a response, and the time for response has lapsed.

Pursuant to Local Rule 7.1(e)(2), the court has dispensed with oral argument. For the reasons discussed below, the court recommends that Plaintiff's complaint be dismissed for failure to comply with the court's order for discovery and sanctions.

**I. Background**

On February 9, 2009, Plaintiff, a commercial truck driver, filed the instant lawsuit in Wayne County Circuit Court. (Doc. No. 1). Plaintiff, who is represented by attorney George Cushingberry, sued his former employer, Transcontinental, a trucking company, and USIS,[1] an company that

---

[1] USIS a/k/a HireRight Solutions, Inc. was dismissed by stipulated order on January 22, 2010. (Doc. No. 22).

prepares reports concerning the driving and employment records for truck drivers, for reporting that Plaintiff was involved in a preventable accident. (Compl. ¶¶ 21-24). Plaintiff alleged that due to the USIS report containing the false statement, he was unable to obtain employment. (Compl. ¶ 25).

On May 9, 2009, Defendants removed the lawsuit to this court. (Doc. No. 1). Plaintiff filed an amended complaint on August 7, 2009, and Defendants answered the amended complaint in September 2009 and filed witness lists in December 2009. (Doc. Nos. 14-18). The discovery cut-off was set for January 8, 2010. (Doc. No. 13).

On January 5, 2010, three days before the close of discovery, Transcontinental filed a motion to compel discovery. (Doc. No. 19). In the motion to compel, Transcontinental accused Plaintiff of failing to participate in the discovery process. (Doc. No. 19, Transcontinental Mot. to Compel 2). Transcontinental sought an order compelling Plaintiff to 1) produce his Rule 26 initial disclosures, 2) serve answers to Transcontinental's first set of interrogatories and request to produce, 3) file a witness list, and 4) confer with defense counsel regarding a protective order. *Id.* at 2-3. Transcontinental also moved for the extension of the discovery deadline, case evaluation, and motion cut-off dates, in addition to attorney's fees. *Id.* at 3.

The motion to compel was referred to this court on January 6, 2010. (Doc. No. 20). The court ordered responses to be filed by January 20, 2010, and oral argument to be heard on January 27, 2010. (Doc. No. 21). Because Plaintiff did not submit a response, the court entered an order on January 25, 2010, prepared by Transcontinental, granting the motion and ordering Plaintiff to comply within seven days. (Doc. No. 23).

When Plaintiff did not comply with the order, Transcontinental moved to dismiss for failure to conduct discovery. (Doc. No. 24). Plaintiff responded to the motion, arguing that he had

2

complied with the discovery requests and had attempted to reschedule his deposition but Transcontinental had not agreed to reschedule. (Doc. No. 25). On March 19, 2010, the district court denied Transcontinental's motion to dismiss without prejudice and ordered Plaintiff to file a witness list, provide Transcontinental with his Rule 26 disclosures, and provide complete answers to the interrogatories and requests for production by April 1, 2010. (Doc. No. 30). The district court cautioned Plaintiff that failure to "strictly comply" with the order "may result in the imposition of sanctions, including dismissal of the action." *Id.* The parties were also ordered to appear at a status conference before Judge Cox on April 8, 2010. *Id.*

The parties appeared before Judge Cox on April 8, 2010, and then also appeared before this court for a hearing on the discovery issues. This court entered an order on April 9, 2010, in which the court found that Plaintiff had not filed a witness list, had not produced discovery compliant with the Federal Rules, and Plaintiff had yet to be deposed. (Doc. No. 32). Plaintiff's counsel represented to the court that he had been in an automobile accident in December 2009 and defense counsel had not responded to requests for new dates. *Id.* Defense counsel stated that he had no record of receiving any calls from Plaintiff's attorney. *Id.* The court ordered Plaintiff to file his witness list by midnight April 8, 2010, deliver the previously ordered discovery materials by April 12, 2010, appear for a deposition on or before April 19, 2010, and adjourning case evaluation for 45 days. *Id.* The court also imposed sanctions in the amount of $5000, with $1500 payable immediately to defense counsel and his client. *Id.*

Plaintiff filed his witness list on April 8, 2010, but failed to comply with the remainder of the court's order. Thereafter, Transcontinental filed the instant motion to dismiss. (Doc. No. 34). Judge Cox set a telephone conference for April 26, 2010, which was not held because the court

3

could not reach Plaintiff's counsel.

On April 26, 2010, Judge Cox referred the motion to dismiss to this court. (Doc. No. 36). Plaintiff has not filed a response, and the time for a response has passed.

## II. Analysis

Transcontinental argues that this lawsuit should be dismissed because Plaintiff has repeatedly failed to comply with court orders. (Doc. No. 34, Def.'s Mot. to Dismiss, 4-5). This court agrees.

Pursuant to Fed. R. Civ. P. 37(b)(2), the court may dismiss a lawsuit for failing to comply with discovery orders. Dismissal is the sanction of last resort and "[i]t should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

The court finds that Plaintiff's repeated refusal to comply with court orders and participate in discovery was willful. Plaintiff had numerous opportunities to participate in discovery, and had many chances to pursue this lawsuit. Plaintiff was uncooperative and uncommunicative with defense counsel and the court. Also, Plaintiff was already subject to a lesser sanction and warned that failure to comply with the court's order could lead to dismissal. Based on these facts, the court recommends that Plaintiff's complaint be dismissed with prejudice.

## III. Conclusion

The court recommends that Transcontinental's motion to dismiss (Doc. No. 34) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

4

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

SO ORDERED.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: June 18, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 18, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan