# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRENT JARVIS BROOKS,

        Plaintiff,               Case Number: 09-11787

v.                              SEAN F. COX
                                   UNITED STATES DISTRICT

TRANSCONTINENTAL SYSTEMS, INC.,    COURT JUDGE

         Defendant.          VIRGINIA M. MORGAN
                                   UNITED STATES
_____ /    MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION
## THAT ATTORNEY GEORGE C. CUSHINGBERRY, JR. BE HELD
## IN CIVIL CONTEMPT OF COURT

This issue arises out of the complaint brought by plaintiff through his counsel George Cushingberry in May, 2009. Plaintiff and counsel refused to participate in discovery, motions were filed, orders for discovery made, and monetary sanctions imposed against plaintiff's counsel. Counsel did not comply with the discovery order or pay the sanctions. Ultimately, in June, 2010, this court recommended dismissal. No objections were filed. The district judge accepted the report and the case was dismissed with prejudice.

On September 29, 2010, this court ordered George C. Cushingberry, Jr. to show cause why he should not be held in contempt of court for failing to comply with this court's order instructing him to pay sanctions to Defendant and defense counsel in the amount of $5,000. (Doc. No. 47). Mr. Cushingberry did not show cause by October 13, 2010, as ordered by the court, and did not respond to the order at all. Defense counsel now seeks to compel payment and or contempt.

1

Federal Rules of Civil Procedure provide for sanctions for violation of discovery rules. Rule 16 provides that a court may issue any just orders including those authorized in FRCP Rule 37 if a party or his attorney fails to obey orders of the court. Federal courts also have inherent power to protect their jurisdiction and enforce their orders and judgments. *See, Societe Internationale Pour Participatons Industrielles et. Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958), *Advisory Notes FRCP Rule 16* (2010). The contempt jurisdiction of the magistrate judge in a case such as this, where the parties have not consented to the jurisdiction of the Magistrate Judge and the contempt has not occurred in the presence of the court, is limited to a recommendation to hold the offender in contempt. 28 U.S.C. §636 (4), (6). However, other sanctions may be imposed by this court. *Id.*

Under FRCP Rule 37, the court is afforded discretion with respect to selection of an appropriate sanction. *Bass v. Jostens, Inc*. 71 F3d 237, 241 (6th Cir. 1995). Dismissal with prejudice represents an extreme sanction and is appropriate in cases of willfulness, bad faith, or some fault on the part of the party sanctioned. *The Proctor & Gamble Co. v. Haugen*, 427 F.3d 727 (10th Cir. 2005). As this circuit has noted, in evaluating appropriate sanctions, a court should consider four factors: (1) whether the failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced; (3) whether the party was warned; and (4) whether less drastic sanctions were imposed or considered. See, *Harmon v. CSX Transportation*, 110 F3d 364, 366-67 (6th Cir. 1997) (internal quotations omitted).

In this case, counsel's conduct meets all of the criteria. The failure to conduct discovery has already been evaluated and found to meet the first criteria as the district judge dismissed the case with prejudice. Plaintiff failed to attend his deposition after several efforts, had not

produced discovery which complied with the Federal Rules, and had not filed a witness list. (Report & Recommendation, #41) Defense counsel has expended significant efforts in seeking counsel's compliance with the discovery process–all to no avail. These costs have been imposed on defendant who has attempted to utilize the court process and conduct the litigation in a manner consistent with the Federal Rules and orders of the court. Prejudice has therefore been incurred. Also, lesser sanctions have been considered and ignored by counsel. The court initially imposed a sanction of $5000 and suspended all except $1500 if certain simple filing criteria were met. Counsel did not comply with the conditions set. Subsequently, a telephonic hearing was set before the district judge but it had to be canceled because the court was unable to reach plaintiff's counsel on the set date and time. Counsel did not file responses to the Motion to Dismiss, the Order to Show Cause, or several other motions. Despite repeated contacts by defense counsel, plaintiff's counsel has not paid any of the ordered sums. Counsel was warned numerous times on the record and in written orders, and finally in Order to Show Cause to which counsel did not even deign to reply.

Accordingly, the court recommends the following:

1) Mr. Cushingberry pay $5000.00, to defendant's counsel no later than December 15, 2010.

2) that if the amount is not paid, Judgment be entered against Mr. Cushingberry for $5000.00 plus statutory from September 29, 2010.

3) Mr. Cushingberry be suspended from the practice of law in the Eastern District of Michigan until the $5000 is paid; and

4) A copy of the Judgment and Mr. Cushingberry's suspension be forwarded to the

State Bar of Michigan.


S/Virginia M. Morgan_____
Virginia M. Morgan
United States Magistrate Judge


Dated: November 15, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 15, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan